UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA,          :
                                                              :    **MEMORANDUM DECISION AND**
                                                                :    **ORDER**
                  - against -                         :
                                                                :    20-cr-353 (BMC) (VMS)
                                                                :
RICHARD ANTHONY NELSON,        :
                                                               :
                  Defendant.               :
                                                               :
----------------------------------------------------------- X

**COGAN**, District Judge.

       This case is before the Court on defendant Richard Anthony Nelson's objections to Magistrate Judge Vera M. Scanlon's October 24, 2022 Report and Recommendation ("R&R"), which recommended denying defendant's motion to suppress certain "identity-related evidence" obtained during the course of his arrest. Defendant has objected to the R&R on the grounds that: (1) the search warrant for his historical and prospective cell phone location data was not supported by probable cause, was overbroad, and was not sufficiently particular; (2) he was entitled to a <u>Franks</u> hearing; and (3) no exception to the exclusionary rule should apply.[1] Judge Scanlon thoroughly discussed the facts of this case in her R&R. I will not repeat them here.

       Before I address the merits of defendant's objections, I note that the parties have conspicuously ignored a 600-pound gorilla in this case: the search warrant here – which was issued under Federal Rule of Criminal Procedure Rule 41(c)(4) for "a person to be arrested" – likely could have been issued under Rule 41(c)(1) for "evidence of a crime." At the time the search warrant was issued, there was an arrest warrant for defendant based on his illegal reentry

---

[1] I adopt Judge Scanlon's recommendation that defendant has standing to challenge the search warrant.

under 8 U.S.C. § 1326. The search warrant application sought cell phone location data which likely could have been used as evidence of defendant's presence in the United States. See United States v. Macias, 740 F.3d 96, 98-99 (2d Cir. 2014) (a violation of § 1326 is "not complete until the authorities . . . discover the illegal alien in the United States"). In its briefing, the Government disclaims any reliance on Rule 41(c)(1) to justify the warrant. I recognize that the Government might be hesitant to make this argument because, on its face, the warrant was issued under Rule 41(c)(4), but I can think of no clearer circumstance in which the good faith exception would apply than if law enforcement simply ticked the wrong box on a warrant application.

Regardless, even assuming that the search warrant was issued solely under Rule 41(c)(4), the R&R is adopted to the extent discussed below, and defendant's motion is denied.

## DISCUSSION

### A. The Search Warrant Was Supported By Probable Cause

The primary issue in this case is this: Can the Government obtain a search warrant under Rule 41(c)(4) for historical and prospective cell phone location data to aid in apprehending "a person to be arrested" when (1) a valid arrest warrant has been issued for the defendant; and (2) the Government has a reasonable belief that the defendant is using the target cell phone. I agree with Judge Scanlon that it can. Therefore, for the reasons discussed in her R&R, I adopt her conclusion that the search warrant was supported by probable cause. The warrant application established the officers' reasonable belief that defendant – who was the subject of a pending arrest warrant – was using the target cell phone and that cell phone location data would aid them in apprehending him.

The Supreme Court and Second Circuit have repeatedly recognized that a search warrant may be issued if there is probable cause to believe that the evidence sought would "*aid in a particular apprehension* or conviction." See Warden v. Hayden, 387 U.S. 294, 306-307 (1967) (emphasis added); Messerschmidt v. Millender, 565 U.S. 535, 553, n.7 (2012) ("The Fourth Amendment . . . require[s] probable cause . . . to believe that the evidence sought *will aid* in a particular apprehension or conviction." (internal quotation marks omitted)); Hines v. Albany Police Dep't, 520 F. App'x 5, 7 (2d Cir. 2013) ("[T]here is nothing in the record to suggest that the vehicle was or contained evidence – that is, material that would aid in a particular apprehension or conviction." (internal quotation marks omitted)); United States v. Ochs, 595 F.2d 1247, 1258 (2d Cir. 1979) ("[P]robable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction."). Under this "uninterrupted line of authority," a "federal court may issue a search warrant, based on probable cause, to assist in the apprehension of a fugitive" – even if the evidence sought is not itself evidence of a crime. In re Smartphone Geolocation Data Application, 977 F. Supp. 2d 129, 131, 136 (E.D.N.Y. 2013) ("[W]here, as here, the Government demonstrates probable cause to believe that prospective geolocation data will aid in the apprehension of a defendant, a court may issue a search warrant to authorize access to such data.").

Defendant disagrees with this straightforward reading of the Supreme Court's probable cause standard. He contends that Judge Scanlon did not give due consideration to a decision from a magistrate judge in the District of Maryland holding that Rule 41(c)(4) allows the Government to obtain a search warrant "for a person to be arrested" only when law enforcement has a reasonable belief that the defendant will be "found in a specifically identified location," and that cell cite information could therefore only be the subject of a search warrant if the

3

evidence sought would itself be evidence of a crime – for example, if the defendant is a fugitive. See In re Application of U.S. for an Order Authorizing Disclosure of Location Information, 849 F. Supp. 2d 526, 536 (D. Md. 2011). In that case, the magistrate judge concluded that because the Supreme Court has not explicitly upheld the issuance of a search warrant for evidence solely intended to "aid in apprehending" a criminal, the Court's oft-repeated language that a warrant may be issued to obtain evidence that might "aid in a particular apprehension" should be rejected as nothing more than "intriguing dicta". See id. at 530, 561. I disagree.

     First off, I take the Supreme Court at its word in stating that "it is reasonable, within the terms of the Fourth Amendment, to conduct otherwise permissible searches for the purpose of obtaining evidence which would *aid in apprehending* and convicting criminals." Warden, 387 U.S. at 306 (emphasis added). And, contrary to the magistrate judge's analysis in In re Application, the Supreme Court has in fact authorized the use of a search warrant to aid in apprehending criminals. In Steagald v. United States, 451 U.S. 204, 222 (1981), the Court held that officers must obtain a search warrant to search for and arrest a criminal in a third party's home. The search contemplated by the Court in Steagald is one directed toward apprehending a defendant, not toward collecting evidence of a crime.

     The search here is even less intrusive, as it does not implicate the right of "presumptively innocent people to be secure in their homes from unjustified, forcible intrusions by the Government." Id. Moreover, in this case, the issuance of an arrest warrant for defendant itself serves as a check on the power of police, as the Supreme Court has recognized that "an arrest warrant . . . interpose[s] the magistrate's determination of probable cause between the zealous officer and the citizen."[2] See Payton v. New York, 445 U.S. 573, 603 (1980) ("If there is

---

[2] Defendant cites United States v. Oglesby, No. 4:18-cr-0626, 2019 WL 1877228, at *6 (S.D. Tex. Apr. 26, 2019), to argue that permitting a search warrant for cell phone location data based on probable cause to arrest would "allow

4

sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law.").

Defendant also argues that Judge Scanlon failed to adequately address the implications of the Supreme Court's decisions in Riley v. California, 573 U.S. 373 (2014), and Carpenter v. United States, 138 S. Ct. 2206 (2018). In Riley, the Court held that law enforcement must obtain a search warrant before searching digital information on a cell phone seized from an individual who has been arrested. In Carpenter, the Court held that absent exigent circumstances, law enforcement must obtain a search warrant before collecting historical cell phone location data. 138 S.Ct. 2206, 2221 (2018). In these cases, the Court expressed its concern with *warrantless* searches. Here, law enforcement followed the Supreme Court's overriding directive for searches directed at information contained on or related to the use of a cell phone: "get a warrant." See Carpenter, 138 S.Ct. at 2221 ("Before compelling a wireless carrier to turn over a subscriber's [cell-site location information], the Government's obligation is a familiar one – get a warrant."); Riley, 573 U.S. at 401 ("Our holding, of course, is not that the information on a cell phone is immune from search; it is instead that a warrant is generally required before such a search.").

B. **The Search Warrant Was Sufficiently Particular And Not Overbroad**

I also adopt Judge Scanlon's recommendation that the warrant was sufficiently particular and not overbroad. Defendant argues that the warrant application failed to explain why law enforcement needed 31 days of historical cell phone location data and 30 days of prospective

---

post-arrest search warrants to become arrest warrants by another name." In Oglesby, the court held that the Government failed to establish probable cause to believe that a defendant's cell phone would contain evidence of the specific crime for which defendant was being investigated. That is not what happened here. As detailed in Judge Scanlon's R&R, law enforcement established probable cause to believe that the specific cell phone location data obtained from defendant's phone would aid them in apprehending defendant.

5

data. In defendant's view, Judge Scanlon should not have "afforded the Government the benefit of the doubt" on this issue because a "[c]ourt is limited to considering the facts set forth within the four corners of the search warrant and affidavit." But that's not what happened here.[3] Judge Scanlon assessed the facts set forth in the warrant application and concluded that the Government's request was sufficiently tailored to "allow law enforcement officers to identify any recent patterns of behavior showing [defendant]'s common locations" in order to "plan [the] [d]efendant's apprehension." Law enforcement's belief that 30 days of historical data and 31 days of prospective data were necessary to plan defendant's arrest is eminently reasonable, and is exactly the sort of "nontechnical, common-sense judgments" on which warrants are properly based. See Illinois v. Gates, 462 U.S. 213, 236 (1983).

### C. Defendant Is Not Entitled To A *Franks* Hearing

I adopt Judge Scanlon's recommendation that defendant is not entitled to a Franks hearing. As discussed in the R&R, defendant failed to provide "credible and probative evidence that [an] omission of information [in the warrant application] . . . was designed to mislead or was made in reckless disregard of whether it would mislead." See United States v. Rajaratnam, 719 F.3d 139, 154 (2d Cir. 2013) (internal quotation marks omitted); United States v. Melendez, No. 16-cr-33, 2016 WL 4098556, at *7-8 (S.D.N.Y. July 28, 2016) ("The burden to obtain such a hearing is a heavy one, and such hearings are exceedingly rare.").

Defendant argues that Judge Scanlon failed to address circumstances during the arrest that, in his view, demonstrate that the "true purpose of obtaining the search warrant . . . was not

---

[3] The cases cited by defendant on this point are unconvincing. In United States v. Falso, 544 F.3d 110, 122 (2d Cir. 2008), the Second Circuit held that the district court erred in concluding that a defendant's conviction for sexual abuse of a minor 18 years prior provided probable cause for the issuance of a search warrant for child pornography. Judge Scanlon committed no such "inferential fallacy" here. Id. And although defendant correctly cites Illinois v. Gates, 462 U.S. 213, 238 (2008), for the proposition that a court should determine probable cause from "all the circumstances set forth in the affidavit," that is exactly what Judge Scanlon did here.

6

merely to apprehend him", "but to investigate him for evidence of other criminal activity." Judge Scanlon did address this issue. She concluded that "the presence of DEA agents, the use of [a] 'drug-sniffing dog,' and the execution of a consent to search form after [d]efendant's arrest [did not] demonstrate that the Search Warrant was a pretextual attempt to investigate other criminal activity beyond [d]efendant's alleged illegal reentry." I agree. As the Government pointed out at oral argument on the motion, the presence of DEA agents and the execution of a consent to search form after the arrest is not "out-of-the-ordinary" for "agents going to effectuate an arrest warrant for a defendant with a prior drug conviction [and] a prior gun conviction."

### D. The Good Faith Exception Would Apply

For the reasons stated in her R&R, I adopt Judge Scanlon's conclusion that, even if the search warrant were invalid, the good faith exception to the exclusionary rule would apply. In executing the search warrant here, officers acted with "an objectively reasonable good-faith belief that their conduct is lawful." See United States v. Raymonda, 780 F.3d 105, 118 (2d Cir. 2015). There is nothing to indicate that the magistrate judge who issued the warrant was misled or abandoned his judicial role. See id. (listing circumstances in which the good faith exception does not apply). Nor is the warrant application "so lacking in indicia of probable cause" or so "facially deficient" "as to render reliance upon it unreasonable." Id.

Because I find that the good faith exception would apply, I do not reach Judge Scanlon's recommendations as to other potential exceptions to the exclusionary rule.[4]

---

[4] Judge Scanlon also concluded that suppression would be inappropriate under the attenuation and inevitable discovery exceptions. She also separately found that suppression would not be warranted because "allowing a defendant charged with illegal reentry to suppress his identity evidence would merely delay the inevitable." Because I do not reach the attenuation and inevitable discovery exceptions, I need not address defendant's argument that Judge Scanlon should have held an evidentiary hearing on these issues.

7

## **CONCLUSION**

Judge Scanlon's R&R is adopted to the extent discussed in this Memorandum Decision and Order. The motion to suppress is denied.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　January 20, 2023